# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| JOANNE CHRESTMAN, Individually and on behalf of THE CHRESTMAN FAMILY TRUST | PLAINTIFF |
| VS. | CAUSE NO.: 3:15-CV-112-SAA |
| JIM EARL ARON, an individual, and DOES 1-20, INCLUSIVE | DEFENDANTS |

## ORDER DENYING MOTION TO SUBSTITUTE AND MOTION TO DISMISS

In response to the court's Order to Show Cause why this matter should not be dismissed for failure to substitute the estate of Jim Earl Aron within 90 days after the filing of the statement of his death, plaintiff has filed a renewed motion to substitute the Executor/Executrix of the Estate of Jim Earl Aron for Defendant Jim Earl Aron. Docket 65. On the other hand, defendant has moved to dismiss the case asserting that the time for substitution has expired pursuant to Federal Rule of Civil Procedure 25. Docket 66.

Federal Rule of Civil Procedure 25(a) provides as follows:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .
> (2) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

The Fifth Circuit has held that a deceased party's estate is a non-party that must be personally

served under Rule 25.  *Sampson v. ASC Industries*, 780 F.3d 679, 681 (5th Cir. 2015).  Further, the Fifth Circuit has held that a party may be served the suggestion of death by service on his or her attorney pursuant to Rule 5, but the "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons."  *Id.; citing Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985).  "Service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate."  *Id.*

There is no evidence of record in this case that either the Suggestion of Death or the Motion to Substitute has been served on the representative of defendant's estate in accordance with Rule 4.  Therefore, plaintiff's renewed motion to substitute is DENIED.  Further, because the personal representative of defendant's estate was never properly served with the suggestion of death, the 90 days set forth in Rule 25(a)(1) never started to run.  *See Sampson*, 780 F.3d at 682.  The Fifth Circuit has stated that "when a plaintiff dies, in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate pursuant to Rule 4."  *Id.*  There is no reason to believe this manner of service is required only for a deceased-plaintiff's estate and not also for a deceased-defendant's estate.  Therefore, defendant's motion to dismiss is DENIED.

The court notes that under Rule 4(m), where, as here, service has not been made within 90 days, the court must dismiss the action (or in this case, the Suggestion of Death) without prejudice or order that service must be made within a specified time.  The court finds that given the circumstances of this case, an extension of 30 days from the date of this order to accomplish proper service of the Suggestion of Death on non-parties is appropriate, and it is so ordered.  Further, given the current posture of this case, the final pretrial conference set for March 2, 2017 and the trial set to commence April 3, 2017 are hereby continued until further order of the court.

This, the 24th day of February, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE